**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**BRENDA J. STEWARD**                     **CIVIL ACTION**

**VERSUS**                                **NUMBER: 10-942**

**THE CITY OF NEW ORLEANS**               **SECTION: "B"(5)**


## ORDER AND REASONS

Before the court is Plaintiff's Motion for a New Trial or Reconsideration and/or to Alter or Amend or to Grant Relief from Judgment (Rec. Doc. No. 15). For the reasons below, **IT IS ORDERED** that Plaintiff's motion be **DENIED.**

### I. *Cause of Action and Facts of Case*

The instant motion comes before the court in response to this court granting Defendants' Motion to Dismiss or Alternatively Motion for Summary Judgment as unopposed on February 10, 2011 at Rec. Doc. No. 14.

Plaintiff's suit arises from the demolishment of her home based on alleged misrepresentations and other grounds. Plaintiff alleges she attended several hearings hosted by the City from January through March of 2009, in which she was assured that no action would be taken until after another hearing on May 20, 2009. (Rec. Doc. No. 15-3 at 3). Allegedly, despite assuring Plaintiff her home would not be demolished, Defendants demolished her home on March 24, 2009. (Rec. Doc. No. 15-3 at 3). Plaintiff alleges

that at the time her home was demolished, she was working with the
City and given additional time to complete her Road Home
application in order to receive funds to renovate her home so it
would comply with the blight/public nuisance code. (Rec. Doc. No.
15-3 at 3).

## II. *Contentions of the Parties*

A.   <u>Contentions of the Movant</u>

Movant contends this court should alter its judgment granting
Defendants' Motion to Dismiss as Movant's counsel missed deadlines
in this case due to extreme staffing turnovers in late 2010/early
2011. (Rec. Doc. No. 15-1 at 1).   Movant alleges her counsel
arranged to meet with opposing counsel regarding the overall status
of the case on February 11, 2011, where Movant's counsel planned to
propose an across the board continuance of upcoming deadlines,
prior to the court issuing its order. (Rec. Doc. No. 15-1 at 2).
Movant argues the court should grant the instant motion because,
but for counsel's inadvertence, Defendants' Motion to Dismiss would
have been opposed. (Rec. Doc. 15-1 at 2).   Movant also argues that
contested legal and factual grounds exist with regard to her
constitutional claims which render the Defendants' motion without
merit. (Rec. Doc. No. 15-1 at 2-3).   Movant specifically argues
that her constitutional takings claims should not be dismissed as
unripe simply because she did not seek and was denied relief in
state court proceedings prior to filing suit in federal court.

-2-

(Rec. Doc. No. 15-3 at 5).

B.   Contentions of Respondents

Respondents argue Movant's Motion to Reconsider should be denied as Movant requests relief upon improper legal grounds and fails to meet the standard for Rule 59(e) and Rule 60(b).  (Rec. Doc. No. 17 at 1-7).  Additionally, Respondents argue they should be awarded $1,000.00 in legal fees for the four hours of work at a rate of $250 per hour for the time spent preparing and filing Defendants' opposition to Movant's Motion to reconsider.  (Rec. Doc. No. 17 at 7).

First, Respondents allege Movant cannot seek a remedy under Rule 59(a)(2) as there was no verdict rendered in a jury trial; nor can Movant seek a remedy under Rule 59(e) as Movant did not allege any clear error or newly discovered evidence.  (Rec. Doc. No. 17 at 3-4).  Because Movant does not qualify for any Rule 59 standard, she must seek relief under Rule 60.  (Rec. Doc. No. 17 at 1-3).

Respondents allege Movant requests relief based upon improper legal grounds because Movant fails to show she is entitled to relief under Rule 60 which requires a movant prove: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or misconduct by the opposing party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) that relief is in the interest of justice.  (Rec. Doc. No. 17 at 1).

With regard to mistake, inadvertence, surprise or excusable neglect, not every omission during the course of litigation qualifies as excusable neglect, and relief is determined on a case-by-case basis with emphasis on the reason for delay. (Rec. Doc. 17 at 2). Respondent argues Movant fails to establish any reason she should be excused from the court's order and fails to establish she fits into the "catch-all" provision of subsection (6) as this category is reserved for extraordinary circumstances. (Rec. Doc. No. 17 at 2) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). Respondent argues relief under this rule would require the presence of circumstances beyond Movant's control that prevented timely action. (Rec. Doc. No. 17 at 3).

Respondent argues Movant is not entitled to relief as Movant's counsel missed the deadline to file an opposition motion and every other deadline during the course of this litigation. (Rec. Doc. No. 17 at 5); *See* (Rec. Doc. No. 17-1 at 1-5). Respondents argue counsel for Movant missed all discovery deadlines, failed to respond to Defendants' Interrogatories and Requests for Production of Documents, and failed to participate in the Rule 37.1 conference scheduled by Defendants prior to counsel for Movant contacting Defendants. (Rec. Doc. No. 17 at 5). Respondents argue if this court were to grant Movant's motion, Movant would receive a new discovery deadline and a second chance to participate in discovery. (Rec. Doc. No. 17 at 5).

-4-

Respondents argue despite Movant's lack of compliance with deadlines and failure to satisfy Rule 59(e), Movant's motion should still be denied because her claims are without merit. (Rec. Doc. No. 17 at 6). Respondents argue there exist no triable issues with regard to Movant's takings claim as Movant failed to seek a remedy in state court before filing suit in federal court. (Rec. Doc. No. 17 at 6). Because Movant's motion fails to meet the Rule 59(e) standard and her claims lack merit, Respondents urge the court to deny the instant motion. (Rec. Doc. No. 17 at 7).

Respondents further argue they are entitled to attorneys' fees per the court's order. (Rec. Doc. No. 17 at 7). Respondents argue they are entitled to a total of $1,000 at a rate of $250 per hour for the four hours of work they spent to prepare Respondents' motion. (Rec. Doc. No. 17 at 7).

III. *Law and Analysis*

A.   Rule 60(b) Standard

A motion to reconsider should be treated as a motion to alter or amend a judgment under Rule 59(e) if filed within the twenty-eight day period. *See* Fed. R. Civ. P. 59(e). Since Movant files her motion after the twenty-eight day period, the motion must be treated as a motion for relief from judgment under Rule 60(b). *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000); *Freeman v. Cnty of Bexar*, 142 F.3d 848, 852 n.7 (5th Cir. 1998); *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10

(5th Cir. 1998).

Movant seeks relief under Rule 60(b)(1) which provides, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); *See* (Rec. Doc. 15-1 at 2) ("But for counsel's inadvertence . . . the subject motion filed by the defendants would certainly have been opposed."). For Movant to be granted relief from this judgment, Movant must prove her failure to respond to Defendants' Motion to Dismiss (1) resulted from justifiable neglect; and (2) a fair probability of success on the merits exists if judgment were set aside. *Oliver v. Pharmacia & Upjohn Co., LLC*, No. 06-5737 2008 WL 4691626, at *1 (E.D. La. Oct. 22, 2008) (citing *Fed. Sav. & Loan Ins. Corp v. Kroenke*, 858 F.2d 1067, 1069 (5th Cir. 1988)). Courts generally consider eight factors when deciding whether to set aside judgments under Rule 60(b)(1):

> (1) final judgments should not be lightly disturbed; (2) a Rule 60(b) motion is not to be used as a substitute for appeal; (3) the rule should be liberally construed to achieve substantial justice; (4) whether the motion was filed within a reasonable time; (5) whether-if the judgment was one a [sic] default or a dismissal in which there was no consideration of the merits-the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether-if the judgment was rendered after a trial on the merits-the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief;

and (8) any other factors relevant to the justice of the judgment under attack.

*Oliver*, No. 06-5737 2008 WL 4691626, at *1.  The Fifth Circuit has held that the negligence or carelessness of a client's lawyer, such as missing deadlines, does not constitute justifiable neglect under Rule 60(b).  *Oliver*, 2008 WL 4691626, at *2; (citing *Mortland v. Startran, Inc.*, No. 99-50331 1999 WL 1328022, at *1 (5th Cir. Dec. 8, 1999)).

In *Pryor v. United States Postal Service* the Fifth Circuit held that conflicts in scheduling do not provide a sufficient basis to warrant relief under Rule 60(b)(1).  *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985).  In this case the plaintiff and his counsel failed to appear at a  motion conference due to counsel's hearing in state court scheduled at the same time.  *Id*. at 284.  Neither party timely notified the court of their absence or the reasons therefor.  *Id*. at 283.  The Fifth Circuit held that "gross carlessness" is not enough to justify Rule 60(b) relief and that Rule 60(b) relief will only be provided in "unique circumstances."  *Id*. at 287.

Similarly, in *Oliver*, this court denied Rule 60(b) relief to a plaintiff whose attorney failed to file an opposition motion. *Oliver*, 2008 WL 46916126 at *2.  In this case the plaintiff's attorney blamed her failure to file an opposition motion to the fact that she was "bombarded with massive discovery" and overlooked

the Motion for Summary Judgment.  *Id.*   In denying Rule 60(b) relief, this court rejected the plaintiff's claims that her attorney being overworked and bombarded with discovery were grounds for excusable neglect.  *Id.*

In the instant case, Movant's counsel contends he only missed the deadline to file the opposition motion because of extreme staffing turnover and oversight of the date. (Rec. Doc. No. 15-1 at 1-2). Movant's counsel provides no other reason for missing the deadline but only states that he was planning to file an across the board continuance for the upcoming deadlines. (Rec. Doc. No. 15-1 at 2). Under *Pryor*, Movant's counsel simply overlooking deadlines or failing to correctly calendar conferences is not a "unique circumstace" which warrants relief. *Pryor*, 769 F.2d at 287.

Further, applying this court's eight factors, Movant fails to show the judgment should be set aside. *Oliver*, 2008 WL 4691626, at *1.

Final judgments should not be lightly disturbed. *Oliver*, 2008 WL 4691626 at *3.  This court granted summary judgment to Defendants. (Rec. Doc. No. 14). Movant's scheduling issues are not sufficient to disturb the judgment of this court and therefore Movant does not satisfy this element.

Second, a Rule 60(b) motion must not be used as a substitute for appeal. *Id.* Movant has neither appealed this decision to the Fifth Circuit, nor has she indicated that she intends to appeal.

Third, the rule must be construed liberally in order to achieve substantial justice. *Id.* Courts must construe all evidence in a light most favorable to the plaintiff "so that plaintiff should not suffer from her attorney's shortcomings." *Id.* This instant motion is before this court through the fault of the attorney, and Movant should not be held accountable for her attorney's oversight of deadlines; therefore, this factor weighs in favor of Movant. (Rec. Doc. No. 15-1 at 2).

Fourth, the court must consider whether the motion was filed within a reasonable time. *Id.* In its order granting Defendants' Motion to Dismiss this court stated, "[a] motion for reconsideration of this order based on the appropriate Federal Rule of Civil Procedure, if any, must be filed within thirty (30) days of this order." (Rec. Doc. No. 14 at 1). Here, Movant filed her motion for reconsideration within the thirty day period and thus satisfies this requirement. (Rec. Doc. No. 15); *See* Fed. R. Civ. P. 6(a)(1).

Fifth, the court must consider whether - if the judgment was one of default or dismissal in which there was no consideration of the merits - the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense. *Id.* The Fifth Circuit has held that the district courts should give wide discretion in allowing Movant to argue the merits of the

case. *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 471 (5th Cir. 1998). Here, the court did not abuse its discretion in granting the Motion to Dismiss as Movant had an opportunity to argue the merits and failed to file memorandum in opposition. (Rec. Doc. No. 14).

Sixth, the court must consider whether – if the judgment was rendered after a trial on the merits – the movant had a fair opportunity to present his claim or defense. *Id.* at *4. Here, although there was no trial, Movant had a fair opportunity to argue this case on the merits, however, counsel failed to file a timely opposition motion. (Rec. Doc. No. 14). Since Movant's counsel failed to timely file opposition, this factor weighs in favor of Defendants.

Seventh, the court must determine whether there are intervening equities that would make it inequitable to grant relief. *Id.* Here, Defendants argue if the court were to grant Movant relief, then she would have a second chance to participate in discovery and a new discovery deadline. (Rec. Doc. No. 17 at 5). Since Movant's counsel disregarded each deadline prior to filing this motion, it would be inequitable to grant relief and allow Movant a second chance to comply with deadlines.

Eighth, the court must consider any other factor relevant to the justice of the judgment under attack, bearing in mind that final judgments serve a useful purpose to the courts, society, and

-10-

the litigants.  *Oliver*, 2008 WL 4691626 at *4.  The Fifth Circuit stated in *Pryor*

> Were this Court to make an exception to finality of judgment each time a hardship was visited upon the unfortunate client of a negligent or inadvertent attorney, even though the result be disproportionate to the deficiency, courts would be unable to ever adequately redraw that line again, and meaningful finality of judgment would largely disappear.

*Pryor*, 769 F.2d at 288-89.  Applying the Fifth Circuit's reasoning in *Pryor*, Movant's motion under Rule 60(b) must be resolved in favor of Defendants.  Movant has failed to show that the neglect by her counsel was excusable.

B. Movant's likelihood of success on the merits

Although Movant does not satisfy the standard for relief under Rule 60(b), the court must consider her likelihood of success on the merits.  *Oliver*, 2008 WL 4691626 at *1.

First, Movant contends her constitutional law takings claims are ripe because she was not required to complete the state proceedings as the compensation would not have been adequate. (Rec. Doc. No. 15-3 at 4-5) ("[A]n action in state court . . . does not provide an adequate post-deprivation remedy [because a] judgment rendered against the City in state court is essentially uncollectible unless and until the City decides it will appropriate funds to pay the judgment.").

In order for Movant's constitutional takings claims to be ripe, Movant must prove that she has received a final decision

regarding the application of the regulations to the property at issue from the government entity charged with enforcing the regulations; Movant must also prove that she has used and been denied just compensation through state proceedings. *Suitum v. Tahoe Reg'l Planning Agency*, 520 U.S. 725, 733-34 (1997); *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186 (1985); *John Corp. v. City of Houston*, 214 F.3d 573, 580-81 (5th Cir. 2000).

Movant's position that her takings claims are ripe is contrary to case law from the Supreme Court and the Fifth Circuit. In order for Movant's constitutional takings claims to be ripe Movant must first seek a remedy and be denied just compensation in state court proceedings. *John Corp.*, 214 F.3d at 581. This she has not done.

Movant next claims that the City of New Orleans has a custom or policy of demolishing homes without giving the homeowners due process notice. (Rec. Doc. No. 1 at 8). Movant further alleges Defendant Winston Reid is liable to Movant in his individual capacity under 42 U.S.C. §1983 because his actions as a City official caused Movant's deprivation of due process. (Rec. Doc. No. 1 at 10).

The Supreme Court in *City of St. Louis v. Praprotnik* recognized that governmental bodies may only act through natural persons and these governmental bodies should only be held responsible when their official policies cause their employees to

violate another person's constitutional rights. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 122 (1988).  The Fifth Circuit held that an official policy may be found in two forms:

> (1) A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> (2) A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.

*Burge v. St. Tammany Parish*, 336 F.2d 363, 369 (5th Cir. 2003).  In order for municipal liability to attach under Section 1983, Movant must demonstrate "actual or constructive knowledge of such custom . . . attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority."  *Id.* at 370 (quoting *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984)).

Here, Movant does not plead any facts nor does she argue in any motion specific policies that would give rise to relief under Section 1983, nor has she connected Defendant Reid with any of those policies.  (Rec. Doc. No. 1 at 7-8); (Rec. Doc. No. 15-3 at 3).  Movant has simply asserted a violation of Section 1983 by the demolition of her home in conclusory fasion.(Rec. Doc. No. 1 at 5).

Movant then argues the court should grant her leave to amend her complaint under Rule 15(a) in order to comply with applicable

standards.   (Rec. Doc. No. 15-3 at 7).   The Rule requires that leave to amend should be "freely given when justice so requires" and the decision to allow a party to amend the pleadings lies within the discretion of the district court.  *U.S. ex rel Willard v. Humana Health Care of Tex., Inc.*, 336 F.3d 375, 386-87 (5th Cir. 2003).  The Supreme Court has ruled that leave should be freely given in the absence of bad faith, dilatory motive, repeated failure to cure deficiencies by amendments, or undue prejudice to the opposing party.  *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, Movant's counsel has repeatedly missed deadlines throughout the litigation, in addition to missing the deadline to oppose Defendants' Motion to Dismiss.  (Rec. Doc. No. 17-2 at 1-5).   In light of Movant's counsel's deficiencies, undue prejudice would be placed on Defendants were Movant allowed to amend her pleadings to conform with applicable standards.  Excusable neglect is not shown.

The order at issue awarded attorney's fees and costs against Movant.[1]   (Rec. Doc. No. 14 at 2). Defendants requested $1,000.00 in attorney's fees for the work performed in connection to this motion.[2]  When determining attorney's fees the court must consider (1) the reasonable number

---

[1] "Because such a motion would not have been necessary had timely opposition memoranda been filed, the costs incurred in connection with the motion [for reconsideration], including attorney's fees, will be assessed against the party moving for reconsideration."  (Rec. Doc. 14 at 2).

[2] Defendants state they worked four (4) hours on the motion at a rate of $250.00 per hour.  (Rec. Doc. 17 at 7).

of hours expended on the litigation and the reasonable hourly rates for the participating lawyers; and (2) multiply the reasonable hours by the reasonable rates.  *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323-24 (5th Cir. 1995).  In the instant case, the Defendants' request for $1,000.00 in attorney's fees is reasonable under the circumstances as work on the instant motion would not have been necessary had Movant's counsel filed a timely opposition motion.  (Rec. Doc. No. 17 at 7).

Since Movant does not satisfy the Rule 60(b)(1) standard for excusable neglect, nor do her claims have merit, accordingly,

**IT IS ORDERED** that Plaintiff's Motion for a New Trial or Reconsideration and/or to Alter or Amend or to Grant Relief from Judgment is hereby **DENIED.**

New Orleans, Louisiana this 30th day of August, 2011.

UNITED STATES DISTRICT JUDGE